**96–550.** State v. Smith. *Hamilton County,* No. C–950079. Appellant has filed an untimely appeal of the court of appeals' decision affirming the trial court's denial of his petition for post-conviction relief. This appeal involves a civil matter and not an appeal of a felony case to which the provisions for delayed appeal in S.Ct.Prac.R. II(2)(A)(4) apply. Therefore,

IT IS ORDERED by the court, *sua sponte,* effective March 28, 1996, that the motion for delayed appeal be, and hereby is, stricken.

IT IS FURTHER ORDERED by the court, *sua sponte,* that, in that appellant failed to perfect an appeal pursuant to S.Ct.Prac.R. II(2)(A)(1), this case be, and hereby is, dismissed for lack of jurisdiction.

*Friday, April 19, 1996*

## MOTION DOCKET

**88–1265.** State v. Wiles. *Portage County,* No. 1675. UPON CONSIDERATION of the motion filed by counsel for appellant to stay the execution of sentence in the above-styled cause pending the exhaustion of state post-conviction remedies,

IT IS ORDERED by the court that the motion be, and is hereby, granted.

IT IS FURTHER ORDERED by the court that, pursuant to *State v. Glenn* (1987), 33 Ohio St.3d 601, 514 N.E.2d 869, a stay is granted for a period of six months, beginning April 12, 1996, and ending October 15, 1996, to allow appellant an opportunity to file a petition for post-conviction relief. If a petition for post-conviction relief is not filed within the time allotted, this stay will expire. No further time for the filing of the petition will be granted except in unusual circumstances.

IT IS FURTHER ORDERED by the court that, if a petition for post-conviction relief is filed within the time allotted, a date-stamped copy of the petition shall be filed by appellant with the Clerk of this court, and this stay shall remain in effect until exhaustion of all state post-conviction proceedings, including any appeals.

IT IS FURTHER ORDERED by the court that compliance with the mandate and execution of sentence be, and is hereby, stayed for the six-month period allotted by this order and, if a petition for post-conviction relief is filed within the time allotted, pending the exhaustion of all proceedings for post-conviction relief before the courts of this state.

IT IS FURTHER ORDERED that counsel for the appellant and for the appellee shall notify this court when all proceedings for post-conviction relief before courts of this state have been exhausted.